**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

BENSON A. SNAIDER

    Plaintiff

    v.

ACCOUNT CONTROL TECHNOLOGY, INC.
CONNECTICUT DEPARTMENT OF
ADMINISTRATIVE SERVICES; and THE
CONNECTICUT CLIENT SECUITY FUND
COMMITTEE

    Defendants

CIVIL ACTION No.

3:17cv1564 (JCH)

COMPLAINT

DATED:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking to enjoin the Defendants from commencing or continuing an action or the employment of process to collect a debt, as a personal liability of the Plaintiff, which had been discharged in his Chapter 7 bankruptcy proceeding in violation of 11 U.S.C. §524(a) of the Bankruptcy Act.

## JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the provisions of 11 U.S.C. 524(a). Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §1334(a). Venue is proper pursuant to 28 U.S.C. §1391 as a substantial portion of the Defendants conduct towards Plaintiff occurred in this District.

## PARTIES

3. Plaintiff is a natural person over 18 years of age, who at all times relevant to the instant action resided in the State of Connecticut. Plaintiff was admitted to practice law in the State of Connecticut in August 1962 and he practiced law until November 21, 2012 when his resignation from the bar was accepted by the Superior Court.

4. Defendant Account Technology, Inc. ("ACT") is a third party debt collector and operates its business from its offices at 21700 Oxnard Street, Suite 1400, Woodland Hills, California as well as other offices in California and throughout the United States.

5. The Connecticut Department of Administrative Services ("DAS") is an agency of the State of Connecticut that collects debts owed to the State of Connecticut and its agencies. It maintains offices at 450 Columbus Boulevard, Suite 1001, Hartford, Connecticut.

6. The Client Security Fund Committee ("CSF") is an entity created by statute (C.G.S.§51-81d) which authorized the judges of the Superior Court to establish a Client Security Fund to (amongst other things) "reimburse claims for losses caused by the dishonest conduct of attorneys admitted to the practice of law in this state and incurred in the course of an attorney client relationship". CSF maintains offices at 287 Main Street, East Hartford, Connecticut.

## STATEMENT OF FACTS

7. The Plaintiff commenced his representation of Minchin Buick, Inc., ("Minchin") a Buick auto dealership in Stamford on April 7, 2004 pursuant to a written retainer agreement whereby Plaintiff was retained to represent Minchin with regard to a proposed taking of a portion of its property for a public project, the Stamford Urban Transitway Project.

8. Thereafter Plaintiff attended public meetings on behalf of Minchin and consulted with appraisers and reconstruction contractors regarding the damages that Minchin would suffer as a result of the taking of its property.

9. By letter dated December 21, 2004 The City of Stamford offered $300,000.00 as compensation for the taking and, in accordance with the retainer agreement, that amount became the base starting point for the Plaintiff's fee in the event of an increase in compensation for the taking.

10. Thereafter Plaintiff met with city officials in an effort to present a graphic display of the damage done to the property by the project and the City raised its offer to $800,000.00 which was rejected by Minchin.

11. The City initiated condemnation proceedings and deposited $800,000.00 with the Superior Court which Plaintiff deposited in his trust account.

12. Plaintiff appealed the City's offer of compensation and after 7 years of pleadings, depositions, discovery and a 4 day trial, Judge Mottelese issued his decision dated June 1, 2011 which found damages in the amount of $1,143,360.00, an increase of $343,360.00 over the deposit.

13. Plaintiff prepared pleadings to secure payment of costs in the amount of $19,282'50 plus interest as a result of the increase in compensation of $125,963.23. The total fee due the Plaintiff in accordance with the fee agreement was $273,860.33 including reimbursement of costs advanced on the case.

14. On July 6, 2011 Plaintiff delivered the City's check in the amount of $469,553.53 to Minchin and revealed that he did not have the $800,000.00 deposit.

15. In July 2011 Minchin commenced suit against Plaintiff in Stamford Superior Court (FST-CV-11-5013699-S) ("the Civil Action") and secured an attachment of his residence house and a pre-judgement order for payments from income and fees due Plaintiff.

16. Pursuant to the Civil Action Plaintiff paid Minchin $62,804.15 from the sale of his house and $65,000.00 from fees collected from his practice, a total of $127,804.15.

17. On July 22, 2011 Minchin, through its attorney filed its claim with CSF based on Plaintiff's default asking for reimbursement of $800,000.00.

18. On February 12, 2012 Plaintiff and his wife filed for bankruptcy under Chapter 7 of the Bankruptcy Code (Case No. 12-30353 LMW) and listed Minchin as a claimant.

19. The Clerk of the Bankruptcy Court set May 29, 2012 as the deadline to object to Plaintiff's discharge or to challenge the dischargeability of certain debts.

20. Minchin's attorney filed his appearance in the bankruptcy case and had notice of the aforesaid deadline to object to or challenge the dischargeability of Plaintiff's debt to it but failed to object to Plaintiff's discharge of the debt owed to Minchin as required by 11 U.S.C. §523(c) (1) and therefore Plaintiff's debt to Minchin was discharged by the Bankruptcy court on May 30, 2012, a copy of the discharge is attached hereto as Exhibit A.

21. Minchin, through its attorney, filed its claim in Plaintiff's bankruptcy case September 11, 2012 in the amount of $670,328.35 which the trustee allowed in the amount of $536,000.00 and its claim was paid $18,705.12 by the trustee on July 14, 2014 as part of the final distribution of the bankrupt estate.

22. Plaintiff's attorney filed notice of the discharge of the Minchin's claims against Plaintiff in the Civil Action then pending in Stamford Superior Court and on January 13, 2013 Minchin's attorney withdrew the Civil Action.

23. By information and belief CSF required substantiation of Minchin's claim for reimbursement by a formal finding of a court of law of the amount claimed as restitution for Plaintiff's unlawful acts.

24. The withdrawal of the Civil Action deprived Minchin of a means to substantiate its claim to CSF.

25. Plaintiff had been charged with larceny in the first degree as a result of his embezzlement of Minchin's funds and the matter came up for a plea before Judge Comerford of the Stamford Superior Court on April 11, 2012 ( case no. FST-CR11-0175896-T; "the Criminal Case").

26. Plaintiff pleaded guilty and Judge Comerford sentenced him to 5 years' probation, execution suspended, and "**restitution for verifiable out of pocket expenses**" *(emphasis supplied)*.

27. By motion dated February 28, 2013 Minchin by its attorney, Mark Katz, filed a "Motion For Determination Of Restitution" in the Criminal Case moving that the amount of restitution be determined and ordered.

28. The aforesaid motion came before Judge Gary White on April 8, 2013 when the judge questioned whether the court had jurisdiction to entertain a motion from the victim in a criminal case and requested "some law" on the subject then marked the matter off.

29. Thereafter, on July 20, 2013, the motion again appeared on the calendar for the Criminal Case this time before Judge Comerford.

30. Judge Comerford entered an order fixing restitution to Minchin at $536,000.00.

31. Before entering the aforesaid order Judge Comerford did not conduct a hearing in accordance with C.G.S. §53a-30a(4) which requires that when imposing a sentence of probation or conditional discharge the court may order, as a condition of the sentence, that the defendant "make restitution of the fruits of the defendant's offense or *make restitution, in an amount the defendant can afford to pay*...".(emphasis supplied).

32. By information and belief the sole purpose of the motion, the hearing and resulting order, was to substantiate Minchin's application for payment to CSF.

33. At the time of said hearing Plaintiff was a 76 year old former attorney, unemployed and unable to find work, whose only income was from social security in the amount of $2,100.00 per month.

34. Thereafter, Plaintiff received notice from the Court Support Services Division ("CSSD"), an agency of the Connecticut Judicial Department represented by DAS, that as a condition of his probation he must pay $29,777.79 every month so that the entire restitution amount of $536,000.00 would be paid by January 11, 2017.

35. The aforesaid restitution ordered was to pay and reimburse the Defendant CSF for its reimbursement payment to Minchin in the amount of $536,000.00 for its actual pecuniary loss and was not a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit.

36. On January 6, 2017 Plaintiff was served with a notice to appear before Judge Comerford to answer to a notice to Appear and Complaint for Violation of Probation because he had paid only $180.00 towards the $536,000.00 restitution order.

37. Plaintiff filed pleadings to assert that the debt for which the restitution had been ordered had been discharged in bankruptcy.

38. The matter was continued and came before Judge White on April 20, 2017 when he terminated Plaintiff's probation in the Criminal Case upon his payment of $2,000.00 to CSSD for reimbursement to Defendant CSF and made an Order of Restitution pursuant to C.G.S. §53a-28 in the amount of $536,000.00 payable to CSF.

39. Thereafter, by letter dated May 10, 2017 Plaintiff received a demand for payment of $536,000.00 from the Defendant DAS. The said letter is attached as Exhibit B.

40. By letter dated June 30, 2017 Plaintiff received a demand for payment of $536,000.00 from the Defendant ACT. The said letter is attached as Exhibit C.

**FIRST CLAIM: VIOLATION OF DISCHARGE INJUNCTION BY DEFENDANTS**

41. Plaintiff alleges the preceding paragraphs as if fully rewritten herein.

42. Pursuant to 11 U.S.C.§524(a)(2) Plaintiff's discharge operates as an injunction against the commencement or continuation of any action of any action or the employment of process or act to recover such debt from Plaintiff.

43. The legislation and judicial action which authorized the creation of CSF did not endow it with independent powers to collect reimbursement from defaulting attorneys of sums paid to clients for losses caused because of their actions.

44. As a condition of making the payment to Minchin of $536,000.00, CSF demanded and received Minchin's assignment of its rights, claims and causes of action against Plaintiff for its losses to the extent paid to the Minchin by CSF.

45. Therefore, when CSF paid to Minchin the sum of $536,000.00 on September 12, 2013 and Minchin assigned to CSF its rights and claims to maintain an action to collect its debt from Plaintiff, that debt had already been discharged as it had no right to commence an action to recover such sum from Plaintiff and consequently CSF has no right to commence or maintain such an action.

46. CSF violated Plaintiff's right to a discharge injunction under 11 U.S.C. §524 (a) (2) when it enlisted the Defendants DAS and ACT to collect from Plaintiff, as reimbursement to it, the $536,000.00 paid to Minchin when it knew, or should have known, that said indebtedness had been discharged in bankruptcy.

47. The Defendants DAS and ACT violated Plaintiff's discharge injunction when they, willfully with knowledge of Plaintiff's discharge, sent him the demand letters attached as Exhibits B. and C. and initiated dunning phone calls to Plaintiff.

### SECOND CLAIM: ORDER OF RESTITUTION IS UNENFORCEABLE

48. Plaintiff alleges the preceding paragraphs as if fully rewritten herein.

49. To the extent that Defendants' acts, as alleged herein, are taken pursuant to the "Order of Restitution" dated April 20, 2017, issued by Judge White purportedly in accordance with C.G.S. §53a-28(c), that "Order" constitutes a civil action seeking to impose upon Plaintiff personal liability for a debt discharged by Plaintiff's discharge in bankruptcy and therefore the "Order of Restitution" is unenforceable against Plaintiff as it is enjoined by the provisions of 11 U.S.C. §§524 (a) (1) and (2).

### THIRD CLAIM: CSF IS NOT A VICTIM AND HAS NO STANDING TO SUE PLAINTIFF

50. Plaintiff alleges the preceding paragraphs as if fully rewritten herein.

51. To the extent that Defendants' claim against Plaintiff is based upon the "Order of Restitution" dated April 20, 2017, in which the Order described the victim as "Client Security Fund St. of Connecticut", the Defendants and CSF in particular cannot lawfully pursue such claim because CSF was not in fact the victim nor can it be construed to be the "victim" within the meaning and intent of C.G.S. §53a-28(c).

52. Therefore the Defendants have no standing to prosecute and pursue any such claim against Plaintiff.

### PRAYER FOR RELIEF

**WHEREFORE.** Plaintiff respectfully requests that the Court enter judgment in his favor as follows:

a. A declaratory judgment to the effect that the Defendants CSF, DAS and ACT are enjoined to refrain from all actions to collect or demand the payment of. the Plaintiff's discharged indebtedness to Minchin assigned to the CSF;

b. A declaratory judgement to the effect that the Order of Restitution dated April 20, 2017 in Case No. FST- CR-110175896T is void and unenforceable by the Defendants against the Plaintiff;

c. Such other and further relief as may in justice and equity pertain.

Dated: Sept.18, 2017

PLAINTIFF

_____
Benson A. Snaider
Pro Se

597C Sioux Lane
Stratford, CT 06614
(203)382-4128
(203)362-5423 fax
bensonsnaider@gmail.com

B18 (Official Form 18) (12/07)

# United States Bankruptcy Court

District of Connecticut
Case No. 12-30353
Chapter 7

**In re** Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):
Benson A. Snaider                    Marsha Levitt Snaider
P O Box 3162                         P O Box 3162
New Haven, CT 06515                  New Haven, CT 06515

Social Security / Individual Taxpayer ID No.:
xxx-xx-9106                          xxx-xx-7610

Employer Tax ID / Other nos.:

## DISCHARGE OF DEBTOR

It appearing that the debtor is entitled to a discharge,

**IT IS ORDERED:**

The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

BY THE COURT

Dated: 5/30/12

Lorraine Murphy Weil
United States Bankruptcy Judge

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**



I certify that this is a true and correct copy of the original which is on file in the Office of the Clerk.

Deputy Clerk, U.S. Bankruptcy Court    8/8/17

**EXHIBIT A**



DEPARTMENT OF ADMINISTRATIVE SERVICES
COLLECTION SERVICES
450 Columbus Boulevard, Suite 1001, Hartford, CT 06103

May 10, 2017

BENSON A SNAIDER
597 C. SIOUX LANE
STRATFORD, CT 06614

Account # :   139154
Debt Id #:    297232

Dear BENSON A SNAIDER

This debt was referred to us by Judicial Department.

Judicial Department, has provided us with the following time period for this debt:
    From Date: 04/26/2017
      Thru Date:

We are offering you this final opportunity to resolve the above listed account.
You have thirty (30) days from the date of this letter to pay this account in full.

If you fail to exercise this option we will, without further notice to you, refer your account to a private Collection Agency.

If you have any questions you may contact this office at 860-713-5460.

All payments and/or correspondence should be directed to the following address:
DAS - Financial Services Center
Delinquent Accounts Section
P.O. Box 260608
Hartford, CT 06126-0608

Sincerely,

Christopher Roberts
Reimbursement Team Leader

*An Affirmative Action/Equal Employment Opportunity Employer*

**EXHIBIT B**



21700 Oxnard Street
Suite 1400
Dept. 6626975 - DN01
Woodland Hills, CA 91367

June 30, 2017
Client: CT DEPARTMENT OF ADMINISTRATIVE SERVICES

Account Control Technology, Inc.

| PRINCIPAL | INTEREST | OTHER FEES |
|---|---|---|
| 536,000.00 | 0.00 | $0.00 |
| **COLLECTION FEE** | **AMOUNT RECEIVED** | **TOTAL DUE** |
| 0.00 | 0.00 | $536,000.00 |

\*\*\* Offer of Assistance \*\*\*

This letter is to notify you CT DEPARTMENT OF ADMINISTRATIVE SERVICES has referred your account to Account Control Technology, Inc., (ACT) for collection of your defaulted debt. At this time, CT DEPARTMENT OF ADMINISTRATIVE SERVICES has indicated your entire balance as indicated above is due and payable. We do recognize that many individuals may not be in the position to pay the full balance in one payment. Therefore, ACT is committed to providing assistance to you in determining the best resolution to your obligation. Our staff is trained to discuss all available options for repayment of your debt. Please telephone one of our representatives for assistance at this toll free telephone number **1-844-743-1310**.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within thirty days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

**THIS HAS BEEN SENT TO YOU BY A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION

**CORRESPONDENCE ONLY SHOULD BE SENT TO ACCOUNT CONTROL TECHNOLOGY, PO BOX 8012, CANOGA PARK, CA 91309-8012**

**PAY ONLINE** → ONLINE PAYMENT: http://bsnaider3aaab.revexpress.com
PASSWORD: bens#779

EXHIBIT C

## VERIFICATION

Personally appeared Benson A. Snaider, known to me or satisfactorily proven, who swore to the truth of the foregoing statements and allegations of his own personal knowledge and belief, except as to those matters alleged as by information and belief, and as to those matters, he believes them to be true.

Before me this 18th day of September, 2017.

**Notary Public**

Brittany Bova
NOTARY PUBLIC
State of Connecticut
My Commission Expires
March 31, 2021

*/s/ Brittany Bova*